IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MEDAREX, INC.,<br>    707 State Road<br>    Princeton, NJ 08540-1437,<br><br>        Plaintiff,<br><br>v.<br><br>HON. JOHN J. DOLL,<br>    Under Secretary of Commerce for<br>    Intellectual Property and Director of the<br>    United States Patent and Trademark Office<br>    Office of General Counsel<br>    United States Patent and Trademark Office<br>    Madison Building East, Rm. 10B20<br>    600 Dulany Street<br>    Alexandria, VA 22313,<br><br>        Defendant. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff Medarex, Inc. ("Medarex"), for its complaint against the Honorable John J. Doll, states as follows:

### NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,425,541 (hereinafter "the '541 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '541 patent be changed from 703 days to 1342 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3.  Plaintiff Medarex is a corporation organized under the laws of New Jersey, having a principal place of business at 707 State Road, Princeton, NJ 08540-1437.

4.  Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending or performing all duties required by law with respect to the granting and issuing of patents, and is designated by statute as the official responsible for determining the period of patent term adjustments under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6.  Venue is proper in this district court by virtue of 35 U.S.C. § 154(b)(4)(A).

7.  This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

8.  Vincent Dubois, Ann Marie Fernandez, Sanjeev Gangwar, Evan Lewis, Thomas J. Lobl, Matthew H. Nieder, Lesley B. Pickford, Andre Trouet and Geoffrey Yarranton are inventors of the patent application number 09/879,442 (hereinafter "the '442 application") which issued as the '541 patent, entitled Enzyme-Cleavable Prodrug Compounds on September 16, 2008. The '541 patent is attached hereto as Exhibit A.

9.  Plaintiff Medarex is the assignee of the '541 patent, as evidenced by the records in the PTO, and is the real party in interest in the case.

10. Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b), which set forth a "Guarantee of prompt Patent and Trademark Office responses" and a "Guarantee of no more than 3-year application pendency."

11. In calculating the patent term adjustment, the Director has to take into account PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12. On September 16, 2008, the '541 patent issued with a patent term adjustment of 703 days listed on the face of the patent (*See* Ex. A at 1).

13. On November 17, 2008, Plaintiff Medarex timely filed a Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705(d) (hereinafter "the Request for Reconsideration") for the '541 patent, requesting that it be granted a corrected final patent term adjustment of 1342 days based on the Plaintiff Medarex's calculation of delay under 35 U.S.C. § 154(b)(1)(A) and (B). The Request for Reconsideration has not been granted and is still pending before the PTO.

14. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

15. This action against the Director is timely filed within the 180 day period after grant of the '541 patent, under 35 U.S.C. § 154(b)(4)(A).

## **CLAIM FOR RELIEF**

16.     The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth.

17.     The patent term adjustment for the '541 patent, as determined by the Director under 35 U.S.C. § 154(b) and listed on the face of the '541 patent, is 703 days (*See* Ex. A at 1).

18.     The Director's determination of the 703 day patent term adjustment is in error because the PTO did not properly calculate and allow an adjustment for the PTO examination delay during prosecution of the '541 patent. The correct patent term adjustment for the '541 patent is at least 1342 days.

19.     The '442 application was filed on June 11, 2001, and the '541 patent was issued on September 16, 2008.

20.     The plaintiff is entitled to an adjustment of the term of the '541 patent under 35 U.S.C. § 154(b)(1)(A) in the amount of 654 days, which is the number of days attributable to PTO examination delay during prosecution of the '442 application ("A Delay").

21.     The plaintiff is also entitled to an additional adjustment of the term of the '541 patent under 35 U.S.C. § 154(b)(1)(B) in the amount of 1101 days, which is the number of days the issuance of the '541 patent was delayed beyond three years after the actual filing date of the '442 application ("B Delay").

22.     Section 35 U.S.C. § 154(b)(2)(A) states that "[t]o the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." For the '541 patent, none of the A Delay overlapped with the period of B Delay. Therefore, there is no period of overlap to be excluded from the patent term adjustment.

23. The total period of PTO delay was 1755 days, which is the sum of the A Delay (654 days) and the B Delay (1101 days), as shown in the chart attached hereto as Exhibit B.

24. The '541 patent is not subject to a disclaimer of term. Therefore, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

25. The total period of PTO delay is reduced under 35 U.S.C. § 154(b)(2)(C) by the period of applicant delay, which Plaintiff Medarex calculated for the '541 patent as 413 days.

26. Accordingly, the correct patent term adjustment to which the plaintiff is entitled under 35 U.S.C. § 154(b)(1) and (2) is 1342 days, which is the total period of PTO delay (654 days + 1101 days = 1755 days), less the period attributable to applicant delay (1755 days - 413 days = 1342 days).

27. The Director erred in the calculation of B Delay as 1102 days, which should be 1101 days.

28. The Director also erred in the determination of the delay attributable to applicant as 399 days, which should be 413 days.

29. In addition, the Director erred in the determination of patent term adjustment for the '541 patent by erroneously treating the entire period of A Delay as overlapping with the B Delay, and crediting only the B Delay (calculated by the PTO as 1102 days), instead of correctly crediting the sum of both the A and B Delays. Thus, the Director incorrectly calculated a patent term adjustment for the '541 patent as 703 days (1102 days - 399 days = 703 days). By this erroneous calculation, the Director has deprived the plaintiff of the full patent term adjustment to which it is entitled (calculated above as 1342 days).

30. In its opinion in *Wyeth v. Dudas*, Civ. Action No. 1:07-cv-01492-JR, this Court explained the proper construction and application of the provisions of 35 U.S.C. § 154(b) for

determining patent term adjustment. *See*, Mem. Op. dated 20 September 2008, docket no. 27, reported as 88 U.S.P.Q.2d 1538. In accord with this Court's decision in *Wyeth*, the patent term adjustment for the '541 patent is properly determined to be 1342 days, as set forth above.

31. The Director's allowance of only 703 days of patent term adjustment for the '541 patent is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Issue an Order changing the period of patent term adjustment for the '541 patent term from 703 days to 1342, and requiring the Director to alter the term of the '541 patent to reflect the 1342 day patent term adjustment.

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully Submitted,

_____
Peter S. Reichertz
(D.C. Bar No. 229088)
Christopher M. Loveland
(D.C. Bar No. 473969)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1300 I Street, NW
Suite 1100 East
Washington, DC 20005
Phone: (202) 218-0000
Facsimile: (202) 218-0020

Dated: March 12, 2009          Counsel for Medarex, Inc.

Of Counsel
William A. Scofield, Jr.
Jane E. Remillard
LAHIVE & COCKFIELD LLP
One Post Office Square
Boston, MA 02109
Phone: (617) 994-0755
Facsimile: (617) 742-4214